Thomas MAZUR, Appellant,

v.

Helen L. KELCHNER.

No. 02–3600.

United States Court of Appeals, Third Circuit.

Argued Sept. 8, 2003.

Decided Oct. 1, 2003.

Thomas P. Lang, (Argued), Law Office of Dale E. Anstine, York, PA, for Appellant.

Thomas J. Kelley, (Argued), Thomas J. Kelley & Associates, Moosic, PA, for Appellee.

Before BARRY, BECKER, and GREENBERG, Circuit Judges.

## OPINION

BECKER, Circuit Judge.

This is an appeal by plaintiff Thomas Mazur from a jury verdict and denial of post-trial relief by the United States District Court for the Middle District of Pennsylvania. For the reasons that follow, we affirm. The facts and procedural history are well known to the parties and we will not rescribe them here.

The motor vehicle accident giving rise to Mazur's claim was a rear end collision, and hence there would appear to be no question that defendant Kelchner was liable for any injuries sustained in the accident. The major issue before the jury was therefore the question of the extent of Mazur's injuries. The plaintiff's case was tried to the jury on the theory that Mazur sustained cervical and lumbar herniated discs with radiculitis, which left him with a severe and disabling back condition. This claim was supported by the testimony of Dr. Vincent Ambruso, a neurosurgeon.

The defense challenged Mazur's serious injury claim through the testimony of Dr. Eugene D. Kim, an orthopedic surgeon. According to Dr. Kim, Mazur's condition reflected, not disc herniations, but a degenerative process, i.e. "wear and tear" over time. Dr. Kim stated that Mazur did sustain a low back strain which likely aggravated a pre-existing condition, and also a neck strain, but opined that these would resolve in a short period of time.

The case was submitted to the jury by the use of three special verdict questions. The first question asked whether the defendant Kelchner was negligent. The jury responded "yes". The second question read as follows: "If your answer to the previous question is 'yes,' was the negligence of Helen L. Kelchner a substantial factor in bringing about harm to plaintiff Thomas J. Mazur?" To this question, the jury answered "no" and hence it did not reach the third question which would have required it to state the amount of damages to which Mazur was entitled. It is the jury's response to the second question that spawns this appeal in which Mazur contends that he should be granted a new trial

because the verdict of the jury was "so contrary to the weight of the evidence."

Mazur's argument, as summarized in his appellate brief, is as follows:

> The jury was presented with undisputed medical expert evidence that Thomas Mazur suffered injuries in this accident. The jury's verdict that the Defendant's negligence was not a substantial factor in bringing about harm to the Plaintiff is insupportable. There is a difference between a finding of "no substantial factor" and a finding of "zero damages." The former question is one of causation, and the latter question is one of compensability. Case law in Pennsylvania clearly provides that a jury is not free to ignore uncontradicted evidence on the issue of causation. In denying Plaintiff's motion for post-trial relief, the trial court asserts that Plaintiff waived his claim for damages resulting from any soft tissue injuries. The trial court apparently felt that the Plaintiff was limited in his claim for damages at trial solely to whether he sustained a herniated disk. However, this is not the case. Plaintiff never waived his claim that he sustained soft tissue injuries in this accident. The jury was presented with uncontradicted evidence that Plaintiff did sustain soft tissue injuries, and was not free to ignore this evidence.

The testimony of Kelchner's medical expert, Dr. Kim, was quite clear. He disagreed as to the nature and extent of Mazur's injuries. Kelchner accordingly argued to the jury that Mazur was not as severely injured as he wished the jury to believe. To be sure, in disputing the severity of Mazur's injuries, Dr. Kim conceded that Mazur sustained some injury as a result of the Kelchner's negligence. Mazur thus submits that the trial court

erred by instructing the jury on "substantial factor," when the evidence at trial did not support giving that charge.

While Mazur's argument has a certain intuitive appeal, at bottom it fails. Had Mazur moved under Fed.R.Civ.P. 50 for judgment as a matter of law, he might have been entitled to relief that would mold the verdict in his favor, but he did not. We therefore are limited to reviewing the District Court's decision to deny a new trial, and do so for abuse of discretion—a narrower scope of review which requires that we give deference to the trial judge who saw and heard the witnesses. It is plain that the jury rejected Mazur's contention of serious injury, obviously crediting the testimony of Dr. Kim over that of Dr. Ambruso. We have carefully scrutinized Dr. Ambruso's trial testimony and find no reference to soft tissue injury.

Mazur's trial strategy, for obvious reasons, was to put all his eggs in the serious injury basket. He did not ask the jury to award him damages for the (transitory) lower back pain. In *Majczyk v. Oesch,* 789 A.2d 717 (Pa.Super.Ct.2001), the en banc Court upheld the refusal of the trial court to grant a new trial on damages where the jury had found the defendant negligent yet had refused to award damages for pain and suffering even in the presence of the defense's medical testimony that plaintiff had been injured:

> While the jury may have concluded that appellant suffered some painful inconvenience for a few days or weeks after the accident, it may also have concluded that appellant's discomfort was the sort of transient rub of life for which compensation is not warranted.

*Majczyk,* at 726 (citations omitted).[1] The facts of *Majczyk* are remarkably similar to

1. We acknowledge that there appear to be conflicting decisions in the Pennsylvania ju-

the case at bar. Plaintiff claimed a serious disc injury and defendant argued that the plaintiff has incurred no more than a (transitory) low back strain.

We find *Majczyk* persuasive here. The jury's decision that Mazur had not suffered any significant back pain was obviously based on a disbelief of the testimony of plaintiff and Dr. Ambruso coupled with its own observations of plaintiff's apparent pain-free mobility in the surveillance video shown by defendant.[2] Thus, there was ample basis in the evidence for its verdict that defendant, even though negligent, had not caused any more than some transient discomfort, *see Majczyk supra*, hence no real harm to plaintiff. We are satisfied that the able District Judge did not abuse his discretion in denying the motion for a new trial. The judgment of the District Court will be affirmed.

risprudence; the cases seem to turn on their facts. Where the injury is greater, the less likely the court is to accept a defense verdict in a clear liability situation.

2. We find no merit in Mazur's claim that the District Court abused its discretion in admitting the surveillance tape.